UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DANIEL SANDERS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) Case No. 1:17-cv-64 |
| v. | ) |
| | ) Judge Mattice |
| COMMISSIONER OF SOCIAL SECURITY, | ) Magistrate Judge Lee |
| | ) |
| *Defendant*. | ) |
| | ) |

# ORDER

On June 1, 2018, United States Magistrate Judge Susan K. Lee filed her Report and Recommendation (Doc. 19) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Lee recommended that (1) Plaintiff's First Motion for Judgment on the Pleadings (Doc. 15) be denied; (2) Defendant's Motion for Summary Judgment (Doc. 17) be granted; and (3) the decision of the Commissioner be affirmed. (Doc. 19 at 21).

Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation (Doc. 20). Specifically, Plaintiff argues that: (1) the Magistrate Judge erred in finding the ALJ's failure to address a treating physician opinion constituted harmless error and (2) the lack of medical records supporting a finding of Plaintiff's disability should be overlooked, because the destruction of Plaintiff's medical records was through no fault of his own. (*Id.*). The Court reviews Plaintiff's objections *de novo*. *See* 28 U.S.C. § 636(b)(3).

The Court has conducted a review of the Report and Recommendation, as well as the record, and it agrees with Magistrate Judge Lee's well-reasoned conclusions for the reasons stated herein.

I.  **TREATING PHYSICIAN OPINION**

Plaintiff first argues that the ALJ failed both to consider the treating physician opinion of Dr. Skyhawk Fadigan and to give good reasons for not affording the opinion controlling weight pursuant to 20 C.F.R. § 404.1527(c)(2).[1]

The record reflects that Dr. Fadigan treated Plaintiff at least from September 2003 through July 2005, primarily for back pain. (Doc. 8 at 251-76). On 2016, counsel for Plaintiff wrote to Dr. Fadigan regarding Plaintiff's disability application. Dr. Fadigan returned the letter with handwritten answers to the letter's queries. Dr. Fadigan states that that she remembered seeing Plaintiff but did not recall the last time she provided treatment. Dr. Fadigan provided conclusory assessments as to Plaintiff's ability to function or the outlook for improvement, giving no explanation or basis for these opinions. (*Id.* at 238-40). The ALJ did not mention or discuss Dr. Fadigan's opinion in the order denying benefits, stating that "[t]he record shows no treating source statements." (*Id.* at 29).

The Magistrate Judge addressed this issue at length in the Report and Recommendation, and found that the ALJ's failure to discuss Dr. Fadigan's opinion constituted harmless error. As stated by the Magistrate Judge:

> In this case, Dr. Fadigan's opinion is merely answers to six yes-or-no type questions posed by counsel, and she cites to no medical evidence or information to support her answers. Furthermore, she admits her treatment

---

[1] "If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(c)(2).

> of Plaintiff ended well before his alleged onset date. She does not produce and does not cite to any medical evidence or information from near the time of Plaintiff's alleged onset date; nor is there any in the record. . . . Her responses were written over six years after the alleged onset date, and apparently close to ten years after Dr. Fadigan concluded her treatment of Plaintiff. . . . Her responses are also extremely conclusory, and describe no functional limitations at all. For example, without even explaining the requirements of "light work" other than describing it as "like a grocery store cashier," counsel asks Dr. Fadigan to opine, based on her experience with Plaintiff nearly a decade prior, whether Plaintiff "had greater than light level work ability."

(Doc. 19 at 13-14). On this basis, the Magistrate Judge concluded that while "the ALJ's total failure to acknowledge Dr. Fadigan's responses to counsel's post-hearing letter is troubling," the failure amounted to harmless error. (*Id.* at 15-16).

In his objections, Plaintiff reiterates that the ALJ did not consider Dr. Fadigan's opinion whatsoever in the order denying benefits, and insists that the possibility that the ALJ might not have been aware of the opinion warrants remand. As set forth below, these arguments are without merit.

The United States Court of Appeals for the Sixth Circuit has held that, under certain circumstances, an ALJ's omission in acknowledging or discussing the report of a treating physician may constitute harmless error. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001). In *Heston*, the ALJ opinion failed to mention a treating physician's summary of the claimant's medical history. *Id.* On appeal, the Sixth Circuit held: "Although the ALJ should have included a reference to the report in its findings, the failure to do so, in this case, was harmless error." *Id.* at 536. The Sixth Circuit reasoned that the treating physician had "no current information" regarding the claimant, nor did he provide any objective medical evidence or records as a "basis for his conclusions." *Id.* at 535-36. The Court finds that this case presents facts that are remarkably similar to *Heston*, and therefore, it reaches the same conclusion.

Plaintiff emphasizes the procedural importance of the treating physician rule and argues that the Magistrate Judge's findings regarding the veracity of Dr. Fadigan's opinion invades the province of the ALJ. Plaintiff cites *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004) in support of his argument. In *Wilson*, the Sixth Circuit held that procedural error, such as failure to consider a treating physician opinion "is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits[.]." *Id.* at 546. The Sixth Circuit also held in *Wilson*, however, that

> [This] is not to say that a violation of the procedural requirement of [the treating physician rule] could never constitute harmless error . . . . [I]f a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it, a failure to observe [the treating physician rule] may not warrant reversal.

*Id.* at 547; *see also Bass v. McMahon,* 499 F.3d 506, 514 (6th Cir.2007) ("This evidence would not change the ALJ's decision, and remand for further consideration is not required."); *Shkabari v. Gonzales,* 427 F.3d 324, 328 (6th Cir.2005) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." (internal quotation marks and alteration omitted)).

The Magistrate Judge found that the circumstances of this case fall under the limited exception outlined in *Wilson*; that is, that Dr. Fadigan's opinion is so "patently deficient" that the ALJ could not possibly credit it. Given the total lack of objective evidence supporting the opinion, or in any valid basis to support Dr. Fadigan's opinion, the Court agrees. Accordingly, Plaintiff's objection will be **OVERRULED**.

## II. LACK OF MEDICAL RECORDS

Plaintiff reminds the Court repeatedly that the lack of medical records supporting a finding a disability in this case exists not through lack of treatment, but because the bulk of Plaintiff's treatment records were destroyed on two separate occasions by floods affecting his doctor's office. Specifically, the record contains the following letter from the office manager of Riverside Family Medicine:

> This letter is in response to a request for medical records on a patient Danny Sanders. Our office had a flood on May 3rd 2010 and another big one on August 8th 2013. All medical records that were in storage were destroyed. All the records were of patients that had been seen in the past or that had transferred out of the practice. We are now on electronic medical records to avoid this happening in the future. We apologize for any inconvenience to the patients or business that need the records for legal purposes. The insurance company should be able to pull the claims up for dates of service needed to get the diagnosis codes.

(Doc. 8 at 627).

Both the ALJ and Magistrate Judge noted the lost treatment records. (Doc. 8 at 28; Doc. 19 at 2). Neither the ALJ nor the Magistrate Judge, however, based their findings or conclusions on this fact. The ALJ briefly stated that the majority of the records were lost, but then went on to analyze the evidence that was contained in the record, and found that the same did not support a finding of disability. (Doc. 8 at 25-30). Similarly, the Magistrate Judge in the Report and Recommendation observed that the medical records were destroyed, but analyzed the existing medical records and other record evidence. (Doc. 19). While the Court agrees that the loss of the records is unfortunate, as their presence might have shed more light on Plaintiff's medical conditions, their contents could not have been inferred by either the ALJ or the Magistrate Judge. Both were bound by the actual contents of the record, as is this Court. For this reason, Plaintiff's objection in this regard will be **OVERRULED**.

### III. CONCLUSION

For the reasons set forth above,

1. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations (Doc. 19) pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b);

2. Plaintiff's Objections (Doc. 20) are **OVERRRULED**;

3. Plaintiff's Motion for Judgment on the Pleadings (Doc. 15) is **DENIED**;

4. Defendant's Motion for Summary Judgment (Doc. 17) is **GRANTED**;

5. The decision of the Commissioner is **AFFIRMED**; and

6. This matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 7th day of August, 2017.

                                           */s/ Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE